**FILED**
**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GRUNAUER, | ) | |
| | ) | |
| Plaintiff, | ) | No: |
| | ) | |
| vs. | ) | **08 C 1430** |
| | ) | |
| KOMATSU FORKLIFT U.S.A. and AUTOMOBILE MECHANICS LOCAL 701. | ) ) ) | JURY DEMAND **JUDGE SHADUR** **MAGISTRATE JUDGE ASHMAN** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, EDWARD GRUNAUER, by and through his attorney, Michael T. Smith, states and complains of the Defendants as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this as an action against Defendant, KOMATSU FORKLIFT U.S.A. ("KOMATSU") for discharge and Failure to abide by a mandatory Arbitration Decision, in violation of a collective bargaining agreement; against Defendant, AUTOMOBILE MECHANICS LOCAL 701 ("LOCAL 701") for breach of its duty of fair representations of a members.

2. This action arises and the jurisdiction of this Court is based upon, Section 301 of the Management Relations Act, as amended, 29 U.S.C. § 185.

3. Plaintiff has exhausted all administrative remedies provided for the parties' collective bargaining agreement and has timely filed this suit after Plaintiff received notice of the breach of duties owed under the collective bargaining agreement by

KOMATSU, and LOCAL 701 after receipt of notice of not receiving fair representation by his Union.

## VENUE AND THE PARTIES

4. Plaintiff resides at 23754 Saddle Creek Road, Manhattan, Illinois.

5. Plaintiff is a citizen and resident of Will County, Illinois.

6. At all times relevant, KOMATSU is a foreign corporation doing business in Illinois with over 500 employees.

7. Defendant Local LOCAL701 is a not-for-profit corporation in Illinois with its principle place of business located in Cook County, Illinois, and has a responsibility to protect the rights of its local members.

8. At all times relevant herein, Defendant KOMATSU and Defendant, Local 701 were parties to a written collective agreement, entitled "Articles of Agreement" between Local 701 and KOMATSU referred to as "Collective Agreement."

9. At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiff's employment with Defendant KOMATSU.

## AS AND FOR A FIRST CAUSE OF ACTION

## DEFENDANT KOMATSU' BREACH OF COLLECTIVE AGREEMENT

10. Paragraphs I through 9 are incorporated herein by reference.

11. Plaintiff began his employment with Defendant KOMATSU in March of 1994.

12. At all times relevant herein, Plaintiff was employed by Defendant KOMATSU at the Alsip, Illinois branch location as a full time mechanic employee.

13. On or about November 21, 2007, Defendant breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of

the Collective Agreement.

14. After, said wrongful termination and pursuant to the "Collective Agreement" the matter was submitted to binding arbitration.

15. After arbitration, the Arbitrator on July 13, 2007, ruled in favor of Plaintiff and set forth an Award which KOMATSU, has refused to follow. (See Exhibit A & B) At all times since that date, Defendant KOMATSU has refused to reinstate Plaintiff to his former position of employment up to the filing date of this complaint.

16. As a direct and proximate result of the breach of the Collective Agreement by Defendant KOMATSU Plaintiff has been damaged by loss of his employment in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

　　　　WHEREFORE Plaintiff EDWARD GRUNAUER, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendant KOMATSU' acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life and consequential damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

## BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANT LOCAL 7011

17. Plaintiff incorporates paragraphs I through 16 herein by reference.

18. At all times material herein, Defendant Local 701 owed a duty of fair representation to all members, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of APWU in the administration of the Collective Agreement without arbitrary discrimination. In the Arbitration hearing, Defendant, LOCAL 701, allowed certain derogatory material and facts to be presented to the arbitrator, which had previously been agreed between the Defendant KOMATSU and LOCAL 701 to not submit.

19. LOCAL No. 701 breached its duty of fair representation when Plaintiff contacted his Local 701 union representatives after Plaintiff received KOMATSU's letter of July 28, 2007, wherein agents of KOMATSU stated conditions for Plaintiff's return to employment which were different than the Arbitration Award letter of July13, 2007. (See Exhibit "A" and "B").

20. Union representatives of LOCAL 701, told Plaintiff that they would make KOMATSU abide by the Arbitration Award dated July 13, 2007, and Plaintiff should not return to work under KOMATSU's deviation from the Arbitration Award.

21. Since that contact by Plaintiff with union representatives of Local 701, Defendant Local 701 has violated and breached its statutory duty of fair representation by not filing grievances or see that Plaintiff is allowed to retrun to work based upon the clear mandate of the Arbitration Award after Plaintiff's request.

22. Defendant Local 701's treatment of the Plaintiff was capricious, arbitrary, and discriminatory

23.     **As** a direct and proximate result of the breach by Defendant 701, of its duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by Defendant KOMATSU in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

WHEREFORE Plaintiff, EDWARD GRUNAUER, by counsel, respectfully prays the Court to advance this case on the docket and expedite it in every way to issue a judgment that Defendant Local 701 acts, policies, practices, and procedures complained of herein violated Plaintiffs rights under Section 301 of the Labor Management Relations Act; to award Plaintiff back pay, future pay, compensatory relief in the form of emotional pain, suffering, inconvenience, mental anguish, and lose of enjoyment of life, and consequential damages to make him whole; to enjoin Defendants from the same discriminatory conduct in the future; to grant Plaintiff the costs of this action and attorney fees; to grant Plaintiff a jury trial on those issues triable by jury; and to allow such additional relief as the Court deems just and proper.

EDWARD GRUNAUER

BY:_____
Michael T. Smith
Trial Attorney

Michael T. Smith # 6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626