UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GRUNAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1430 |
| | ) | |
| KOMATSU FORKLIFT U.S.A. and | ) | Judge Shadur |
| AUTOMOBILE MECHANICS LOCAL | ) | |
| 710, | ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Komatsu Forklift U.S.A. ("Komatsu"), for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this as an action against Defendant, KOMATSU FORKLIFT U.S.A. ("KOMATSU") for discharge and Failure [sic] to abide by a mandatory Arbitration Decision, in violation of a collective bargaining agreement; against Defendant, AUTOMOBILE MECHANICS LOCAL 701 ("LOCAL 701") for breach of its duty of fair representations [sic] of a members [sic].

**ANSWER:** Komatsu admits that Plaintiff purports to bring this action against Komatsu for breach of a collective bargaining agreement and against Defendant Automobile Mechanics Local 701 ("Local 701") for breach of the duty of fair representation, but denies the remaining allegations in Paragraph 1.

2. This action arises and the jurisdiction of this Court is based upon, Section 301 of the [sic] Management Relations Act, as amended, 29 U.S.C. §185.

**ANSWER:** Komatsu admits that Plaintiff purports to bring this action against Komatsu and Local 701 pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("Section 301"), but denies that any violation of Section 301 occurred and further denies that Plaintiff is entitled to any relief under Section 301.

3.      Plaintiff has exhausted all administrative remedies provided for [sic] the parties' collective bargaining agreement and has timely filed this suit after Plaintiff received notice of the breach of duties owed under the collective bargaining agreement by KOMATSU, and LOCAL 701 after receipt of notice of not receiving fair representation by his Union.

**ANSWER:**     Komatsu denies the allegations in Paragraph 3.

## VENUE AND THE PARTIES

4.      Plaintiff resides at 23754 Saddle Creek Road, Manhattan, Illinois.

**ANSWER:**     On information and belief, Komatsu admits the allegations in Paragraph 4.

5.      Plaintiff is a citizen and resident of Will County, Illinois.

**ANSWER:**     On information and belief, Komatsu admits the allegations in Paragraph 5.

6.      At all times relevant, KOMATSU is [sic] a foreign corporation doing business in Illinois with over 500 employees.

**ANSWER:**     Komatsu admits that it is a foreign corporation doing business in Illinois, but denies the remaining allegations in Paragraph 6.

7.      Defendant Local LOCAL701 [sic] is a not-for-profit corporation in Illinois with its principle place of business located in Cook County, Illinois, and has a responsibility to protect the rights of its local members.

**ANSWER:**     On information and belief, Komatsu admits the allegations in Paragraph 7.

8. At all times relevant herein, Defendant KOMATSU and Defendant, Local 701 were parties to a written collective agreement, entitled "Articles of Agreement" between Local 701 and KOMATSU referred to as "Collective Agreement."

**ANSWER:** Komatsu admits the allegations in Paragraph 8.

9. At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiff's employment with Defendant KOMATSU.

**ANSWER:** Komatsu admits that the operative collective bargaining agreement governed certain of the terms and conditions of Plaintiff's employment with Komatsu.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEFENDANT KOMATSU' [sic] BREACH OF COLLECTIVE AGREEMENT

10. Paragraphs 1 through 9 are incorporated herein by reference.

**ANSWER:** Komatsu hereby incorporates by reference its responses to Paragraphs 1 through 9 as its response to Paragraph 10.

11. Plaintiff began his employment with Defendant KOMATSU in March of 1994.

**ANSWER:** Komatsu denies the allegations in Paragraph 11.

12. At all times relevant herein, Plaintiff was employed by Defendant KOMATSU at the Alsip, Illinois branch location as a full time mechanic employee.

**ANSWER:** Komatsu admits that Plaintiff was employed at its Alsip, Illinois location in various mechanic-type positions.

13. On or about November 21, 2007, Defendant breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of the Collective Agreement.

**ANSWER:** Komatsu denies the allegations in Paragraph 13.

14. After, [sic] said wrongful termination and pursuant to the "Collective Agreement" the matter was submitted to binding arbitration.

**ANSWER:** Komatsu admits that the matter of Plaintiff's termination of employment was submitted to arbitration, but denies the remaining allegations in Paragraph 14.

15. After arbitration, the Arbitrator on July 13, 2007, ruled in favor of Plaintiff and set forth an Award which KOMATSU, has refused to follow. (See Exhibit A & B) At all times since that date, Defendant KOMATSU has refused to reinstate Plaintiff to his former position of employment up to the filing date of this complaint.

**ANSWER:** Komatsu admits that on July 13, 2007 Arbitrator Cox issued his Decision and Award regarding the matter of Plaintiff's termination of employment, but denies the remaining allegations in Paragraph 15.

16. As a direct and proximate result of the breach of the Collective Agreement by Defendant KOMATSU Plaintiff has been damaged by loss of his employment in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

**ANSWER:** Komatsu denies the allegations in Paragraph 16.

**RESPONSE TO RELIEF REQUESTED**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Komatsu prays that Plaintiff's First Amended Complaint be dismissed at Plaintiff's cost and that Komatsu be granted an award of reasonable attorneys' fees and costs together with such other and further relief as this Court shall deem just and equitable under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANT LOCAL 7011 [sic]

17. Plaintiff incorporates paragraphs I [sic] through 16 herein by reference.

**ANSWER:** Komatsu hereby incorporates by reference its responses to Paragraphs 1 through 16 as its response to Paragraph 17.

18. At all times material herein, Defendant Local 701 owed a duty of fair representation to all members, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of APWU [sic] in the administration of the Collective Agreement without arbitrary discrimination. In the Arbitration hearing, Defendant, LOCAL 701, allowed certain derogatory material and facts to be presented to the arbitrator, which had previously been agreed between the Defendant KOMATSU and LOCAL 701 to not submit.

**ANSWER:** Komatsu admits a union owes to its members a duty of fair representation, but denies the remaining allegations in Paragraph 18.

19. LOCAL No. 701 breached its duty of fair representation when Plaintiff contacted his Local 701 union representatives after Plaintiff received KOMATSU's letter of July 28, 2007, wherein agents of KOMATSU stated conditions for Plaintiff's return to employment which were different than the Arbitration Award letter of July 13, 2007. (See Exhibit "A" and "B").

**ANSWER:** Komatsu states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Union representatives of LOCAL 701, told Plaintiff that they would make KOMATSU abide by the Arbitration Award dated July 13, 2007, and Plaintiff should not return to work under KOMATSU's deviation from the Arbitration Award.

5

**ANSWER:** Komatsu states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Since that contact by Plaintiff with union representatives of Local 701, Defendant Local 701 has violated and breached its statutory duty of fair representation by not filing grievances or see [sic] that Plaintiff is allowed to return to work based upon the clear mandate of the Arbitration Award after Plaintiff's request.

**ANSWER:** On information and belief, Komatsu denies the allegations in Paragraph 21.

22. Defendant Local 701's treatment of the Plaintiff was capricious, arbitrary, and discriminatory.

**ANSWER:** On information and belief, Komatsu denies the allegations in Paragraph 22.

23. As a direct and proximate result of the breach by Defendant 701, of its duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by Defendant KOMATSU in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

**ANSWER:** Komatsu denies the allegations in Paragraph 23.

**RESPONSE TO RELIEF REQUESTED**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Komatsu prays that Plaintiff's First Amended Complaint be dismissed at Plaintiff's cost and that Komatsu be granted an award of reasonable attorneys' fees and costs together with such other and further relief as this Court shall deem just and equitable under the circumstances.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's claims are barred by accord and satisfaction on the basis that Plaintiff has settled his claims against defendants pursuant to the collective bargaining agreement to the exclusion of his right to bring the instant action.

**SECOND AFFIRMATIVE DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's claims are barred by the applicable statute of limitations on the basis that Plaintiff has failed to timely file the instant action.

**THIRD AFFIRMATIVE DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has sustained no damages on the basis that he promptly secured comparable employment or, alternatively, Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to mitigate any damages by abandoning such comparable employment.

WHEREFORE, Defendant Komatsu Forklift U.S.A. prays that Plaintiff's First Amended Complaint be dismissed in its entirety at Plaintiff's cost, and that Defendant be granted an award of reasonable attorneys' fees and costs together with such other and further relief that this Court shall deem just and equitable under the circumstances.

Dated:  April 23, 2008                              Respectfully submitted,

                                                    KOMATSU FORKLIFT U.S.A.


                                                     /s/  John F. Kuenstler
                                                    John F. Kuenstler

John F. Kuenstler, ARDC #6216396
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois  60606-2833
(312) 357-1313
(312) 759-5646 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Smith
> Law Offices of Michael T. Smith
> 440 West Irving Park Road
> Roselle, Illinois 60172
>
> Sherrie E. Voyles
> Jacobs, Burns, Orlove, Stanton & Hernandez
> 122 South Michigan Avenue
> Suite 1720
> Chicago, Illinois 60603-2002

    /s/ John F. Kuenstler

CHDS01 JKUENSTLER 458721v1