## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EDWARD GRUNAUER,

       Plaintiff,

   v.

KOMATSU FORKLIFT U.S.A. and AUTOMOBILE
MECHANICS LOCAL 701,

       Defendants.

Case No. 08-cv-1430
Judge Shadur
Magistrate Judge Ashman

## ANSWER OF DEFENDANT AUTOMOBILE
## MECHANICS LOCAL 701 TO FIRST AMENDED COMPLAINT

Defendant Automobile Mechanics Local 701 ("Local 701") by and through their attorneys,

Jacobs, Burns, Orlove, Stanton & Hernandez, submit the following answer to Plaintiff's First

Amended Complaint.

1. Plaintiff brings this as an action against Defendant, KOMATSU FORKLIFT U.S.A. ("KOMATSU") for discharge and Failure to abide by a mandatory Arbitration Decision, in violation of a collective bargaining agreement; against Defendant, AUTOMOBILE MECHANICS LOCAL 701 ("LOCAL 701") for breach of its duty of fair representations of a members. [*sic*]

**ANSWER**: Admit.

2. This action arises and the jurisdiction of this Court is based upon, Section 301 of the Management Relations Act [*sic*], as amended, 29 U.S.C. § 185.

**ANSWER**: Admit.

3. Plaintiff has exhausted all administrative remedies provided for the parties' collective bargaining agreement and has timely filed this suit after Plaintiff received notice of the breach of duties owed under the collective bargaining agreement by KOMATSU, and LOCAL 701 after receipt of notice of not receiving fair representation by his Union.

**ANSWER**: Deny.

## VENUE AND THE PARTIES

4.  Plaintiff resides at 23754 Saddle Creek Road, Manhattan, Illinois.

**ANSWER**: Admit.


5.  Plaintiff is a citizen and resident of Will County, Illinois.

**ANSWER**: Admit.


6.  At all times relevant, KOMATSU is a foreign corporation doing business in Illinois with over 500 employees.

**ANSWER**: Defendant Local 701 admits that Defendant Komatsu is a foreign corporation doing business in Illinois. Defendant Local 701 is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that Komatsu has over 500 employees.


7.  Defendant Local LOCAL701 [*sic*] is a not-for-profit corporation in Illinois with its principle [*sic*] place of business located in Cook County, Illinois, and has a responsibility to protect the rights of its local members.

**ANSWER**: Defendant Local 701 admits that it has its principal place of business in Cook County, Illinois, but denies all other averments in this paragraph.


8.  At all times relevant herein, Defendant KOMATSU and Defendant, Local 701 were parties to a written collective agreement, entitled "Articles of Agreement" between Local 701 and KOMATSU referred to as "Collective Agreement."

**ANSWER**: Defendant Local 701 admits that it and Defendant Komatsu have been parties to a collective-bargaining agreement at all relevant times but denies all other averments contained in this paragraph.


9.  At all times relevant herein, the Collective Agreement governed the terms and conditions of Plaintiff's employment with Defendant KOMATSU.

**ANSWER**: Admit.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEFENDANT KOMATSU' [*sic*] BREACH OF COLLECTIVE AGREEMENT

10. Paragraphs 1 through 9 are incorporated herein by reference.

**ANSWER**: Defendant Local 701 incorporates its answers to paragraphs 1 through 9 by reference.

11. Plaintiff began his employment with Defendant KOMATSU in March of 1994.

**ANSWER**: Admit.

12. At all times relevant herein, Plaintiff was employed by Defendant KOMATSU at the Alsip, Illinois branch location as a full time mechanic employee.

**ANSWER**: Admit.

13. On or about November 21, 2007, Defendant breached the Collective Agreement when it summarily terminated Plaintiff's employment, without just cause, in violation of the Collective Agreement.

**ANSWER**: Defendant Local 701 admits that Defendant Komatsu terminated Plaintiff's employment but denies all other averments in this paragraph.

14. After, said wrongful termination and pursuant to the "Collective Agreement" the matter was submitted to binding arbitration.

**ANSWER**: Admit.

15. After arbitration, the Arbitrator on July 13, 2007, ruled in favor of Plaintiff and set forth an Award which KOMATSU, has refused to follow. (See Exhibit A & B) At all times since that date, Defendant KOMATSU has refused to reinstate Plaintiff to his former position of employment up to the filing date of this complaint.

**ANSWER**: Defendant Local 701 admits that the Arbitrator issued the award attached as Exhibit A to the First Amended Complaint on July 13, 2007, and that Plaintiff has not been reinstated to his former position but denies all other averments in this paragraph.

16. As a direct and proximate result of the breach of the Collective Agreement by Defendant KOMATSU Plaintiff has been damaged by loss of his employment in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

**ANSWER**: Defendant Local 701 admits that the termination of Plaintiff's employment by Defendant Komatsu has caused him not to receive the wages and benefits that he would have earned had his employment not been terminated. Defendant Local 701 is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that he has suffered physical hardship and severe and continuous emotional distress. Defendant Local 701 denies all remaining averments in this paragraph.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BREACH OF DUTY OF FAIR REPRESENTATION BY DEFENDANT**
**LOCAL 7011 [*sic*]**

17. Plaintiff incorporates paragraphs 1 through 16 herein by reference.

**ANSWER:** Defendant Local 701 incorporates its answers to paragraphs 1 through 16 by reference.

18. At all times material herein, Defendant Local 701 owed a duty of fair representation to all members, including the Plaintiff, i.e. the duty to represent Plaintiff and all other members of APWU in the administration of the Collective Agreement without arbitrary discrimination. In the Arbitration hearing, Defendant, LOCAL 701, allowed certain derogatory material and facts to be presented to the arbitrator, which had previously been agreed between the Defendant KOMATSU and LOCAL 701 to not submit.

**ANSWER:** Defendant Local 701 admits that it generally owes a duty of fair representation to persons it represents for purposes of collective bargaining, including, at all material times, the Plaintiff. Defendant Local 701 denies all remaining averments in this paragraph.

19. LOCAL No. 701 breached its duty of fair representation when Plaintiff contacted his Local 701 Union representatives after Plaintiff received KOMATSU's letter of July 28, 2007, wherein agents of KOMATSU stated conditions for Plaintiff's return to employment which were different than the Arbitration Award letter of July 13, 2007. (See Exhibit "A" and "B').

**ANSWER:** Deny.

20. Union representatives of LOCAL 701, told Plaintiff that they would make KOMATSU abide by the Arbitration Award dated July 13, 2007, and Plaintiff should not return to work under KOMATSU's deviation from the Arbitration Award.

ANSWER: Defendant Local 701 admits that it recommended to Plaintiff that he not agree to the conditions placed upon his reinstatement by Defendant Komatsu in its letter attached as Exhibit B to the First Amended Complaint that deviated from the terms of the Arbitration Award. Defendant Local 701 denies all remaining averments in this paragraph.

21. Since that contact by Plaintiff with union representatives of Local 701, Defendant Local 701 has violated and breached its statutory duty of fair representation by not filing grievances or see that Plaintiff is allowed to return to work based upon the clear mandate of the Arbitration Award after Plaintiff's request.

**ANSWER:** Deny.

22. Defendant Local 701's treatment of the Plaintiff was capricious, arbitrary, and discriminatory.

**ANSWER:** Deny.

23. As a direct and proximate result of the breach by Defendant 701, of its duty of fair representation to Plaintiff, as herein alleged, Plaintiff has been damaged due to his termination by Defendant KOMATSU in a sum which he would have earned from such employment had Defendant KOMATSU not wrongfully terminated Plaintiff; additionally, Plaintiff has been damaged by loss of his seniority, loss of fringe benefits, loss of other benefits to which he was entitled under the Collective Agreement, physical hardship, and severe and continuous emotional distress.

**ANSWER:** Deny.

WHEREFORE, Defendant Local 701 prays that the First Amended Complaint be dismissed in its entirety.

Respectfully submitted,

AUTOMOBILE MECHANICS LOCAL 701

By:    s/  David Huffman-Gottschling
       One of its attorneys

Sherrie E. Voyles
David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused the foregoing document to be served electronically upon the following persons by filing it using the ECF system:

Michael T. Smith          John F. Kuenstler
440 W. Irving Park Rd.     Barnes & Thornburg LLP
Roselle, IL 60172         1 N. Wacker Dr., Ste. 4400
                          Chicago, IL 60606

s/  David Huffman-Gottschling
David Huffman-Gottschling