UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD GRUNAUER,

    Plaintiff,

  v.

KOMATSU FORKLIFT U.S.A. and AUTOMOBILE MECHANICS LOCAL 701,

    Defendants.

**************************************************

AUTOMOBILE MECHANICS LOCAL 701,

    Cross-Plaintiff,

  v.

KOMATSU FORKLIFT U.S.A.,

    Cross-Defendant.

Case No. 08-cv-1430
Judge Shadur
Magistrate Judge Ashman

## CROSS-CLAIM OF DEFENDANT AUTOMOBILE MECHANICS LOCAL 701 AGAINST DEFENDANT KOMATSU FORKLIF U.S.A.

Defendant Automobile Mechanics Local 701 by and through their attorneys, Jacobs, Burns, Orlove, Stanton & Hernandez, and pursuant to Fed. R. Civ. Pro. 13(g), hereby submits the following cross-claim in this matter against Defendant KOMATSU FORKLIFT U.S.A.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a).

2. Venue is proper in this district as both Cross-Plaintiff and Cross-Defendant are located

within this judicial district.

## PARTIES

3. Cross-Plaintiff Automobile Mechanics Local 701 ("Local 701") is a labor organization. Local 701 is an affiliate of the International Association of Machinists and Aerospace Workers and has its business office at 500 West Plainfield Road, Countryside, Illinois 60525.

4. Defendant/Cross-Defendant Komatsu Forklift U.S.A, ("Komatsu") is an employer doing business in Illinois.

## FACTUAL ALLEGATIONS

5. At all material times, Local 701 and Komatsu have been parties to a collective bargaining agreement with the relevant effective dates of the March 5, 2003 through March 4, 2006 ("Agreement").

6. Article 10 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that includes three steps, the third being arbitration before a neutral arbitrator.

7. Step 3(d) of the Article 10 provides that "[t]he decision of the arbitrator shall be made within the scope of his/her jurisdictional authority and shall be final and binding upon the parties.

8. In November, 2005, Plaintiff Edward Grunauer ("Grunauer") was discharged by Komatsu. Local 701 filed a grievance pursuant to Article 10 of the Agreement and such grievance was moved through the grievance steps culminating with an arbitration hearing on April 27, 2007.

9. Based upon the evidence presented, the Arbitrator issued his Award on July 13, 2007 finding that Komatsu did not have just cause to terminate Grunauer and ordered Komatsu to offer Grunauer reinstatement with 15 days of the Award, but without any backpay or benefits.

10. On July 30, 2008, Komatsu transmitted to Local 701 a letter dated July 28, 2007, offering Grunauer reinstatement under certain conditions as outlined in the letter.

11. Thereafter, Local 701 advised the Arbitrator that it believed Komatsu was not in compliance with his Award.

12. On September 22, 2007, the Arbitrator issued a "Clarification of Award" stating that "[h]aving failed to provide a valid offer of reinstatement within the time period required by the Award, the Company is responsible for any loss of earnings and benefits incurred by the Grievant <u>from</u> <u>that date</u> <u>forward</u> until a valid offer of reemployment is provided and accepted in writing within a reasonable period of time." (emphasis in the original)

13. As stated in Article 10, the findings by the Arbitrator are final and binding.

12. To date, Komatsu has failed and refused to comply with the Arbitrator's Award and Clarification of Award.

## RELIEF

Wherefore, Cross-Plaintiff Local 701 requests that this Court enter the following relief for it and against Cross-Defendant Komatsu Forklift U.S.A. as follows:

A. Confirm the Arbitrator's Award and Clarification of Award;

B. Order Komatsu to offer Plaintiff reinstatement and to make him whole from July 28, 2008 through the time it offers him reinstatement in accordance with the Arbitrator's Award and Clarification of Award;

C. Order Komatsu to pay Local 701's reasonable attorneys' fees and costs; and

D. All other relief as this Court deems just and proper.

Respectfully submitted,

/Sherrie E. Voyles

Sherrie E. Voyles
One of Defendant/Cross-Plaintiff's Attorneys

3

Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue Suite 1720
Chicago, IL 60603
(312) 327-3444
svoyles@jbosh.com

CERTIFICATE OF SERVICE

I, Sherrie E. Voyles, an attorney, certify that I caused the foregoing document to be served electronically upon the following persons by filing it using the ECF system on July 16, 2008:

| Michael T. Smith | John F. Kuenstler |
|---|---|
| 440 W. Irving Park Rd. | Barnes & Thornburg LLP |
| Roselle, IL 60172 | 1 N. Wacker Dr., Ste. 4400 |
| | Chicago, IL 60606 |

s/ Sherrie E. Voyles
Sherrie E. Voyles