# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GRUNAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1430 |
| | ) | Judge Shadur |
| KOMATSU FORKLIFT U.S.A. and | ) | Magistrate Judge Ashman |
| AUTOMOBILE MECHANICS LOCAL 701, | ) | |
| | ) | |
| Defendants. | ) | |

**************************************

| | |
|---|---|
| AUTOMOBILE MECHANICS LOCAL 701, | ) |
| | ) |
| Cross-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KOMATSU FORKLIFT U.S.A., | ) |
| | ) |
| Cross-Defendant. | ) |

## KOMATSU FORKLIFT U.S.A.'S ANSWER TO CROSS-CLAIM

Cross-Defendant Komatsu Forklift U.S.A. ("Komatsu"), for its Answer and Affirmative Defenses to the Cross-Claim of Cross-Plaintiff Automobile Mechanics Local 701, states as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a).

**ANSWER:**    Komatsu admits that Cross-Plaintiff purports to bring this action against Komatsu pursuant to Section 9 of the Federal Arbitration Act and Section 301 of the Labor

Management Relations Act, but denies that any violation of the Federal Arbitration Act or the Labor Management Relations Act occurred and further denies that Cross-Plaintiff is entitled to any relief under either act.

2.      Venue is proper in this district as both Cross-Plaintiff and Cross-Defendant are located within this judicial district.

**ANSWER:**      Komatsu admits the allegations in Paragraph 2.

## PARTIES

3.      Cross-Plaintiff Automobile Mechanics Local 701 ("Local 701") is a labor organization.   Local 701 is an affiliate of the International Association of Machinists and Aerospace Workers and has its business office at 500 West Plainfield Road, Countryside, Illinois 60525.

**ANSWER:**      On information and belief, Komatsu admits the allegations in Paragraph 3.

4.      Defendant/Cross-Defendant Komatsu Forklift U.S.A., ("Komatsu") is an employer doing business in Illinois.

**ANSWER:**      Komatsu admits the allegations in Paragraph 4.

## FACTUAL ALLEGATIONS

5.      At all material times, Local 701 and Komatsu have been parties to a collective bargaining agreement with the relevant effective dates of the [sic] March 5, 2003 through March 4, 2006 ("Agreement").

**ANSWER:**      Komatsu admits the allegations in Paragraph 5.

6.      Article 10 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that includes three steps, the third being arbitration before a neutral arbitrator.

**ANSWER:**    Komatsu admits that Article 10 of the Agreement provides for a three-step grievance and/or arbitration dispute resolution process, which may include arbitration before an impartial arbitrator.  Komatsu denies the remaining allegations in Paragraph 6.

7.      Step 3(d) of the [sic] Article 10 provides that "[t]he decision of the arbitrator shall be made within the scope of his/her jurisdictional authority and shall be final and binding upon the parties."

**ANSWER:**    Komatsu admits that Cross-Plaintiff has accurately quoted the identified section contained within the Agreement.

8.      In November, 2005, Plaintiff Edward Grunauer ("Grunauer") was discharged by Komatsu.  Local 701 filed a grievance pursuant to Article 10 of the Agreement and such grievance was moved through the grievance steps culminating with an arbitration hearing on April 27, 2007.

**ANSWER:**    Komatsu admits that in November, 2005, it discharged Plaintiff Grunauer, that a Grievance Report was subsequently filed regarding Plaintiff Grunauer's discharge and that the issue of Plaintiff Grunauer's discharge was heard at an arbitration on April 27, 2007. Komatsu denies the remaining allegations in Paragraph 8.

9.      Based upon the evidence presented, the Arbitrator issued his Award on July 13, 2007 finding that Komatsu did not have just cause to terminate Grunauer and ordered Komatsu to offer Grunauer reinstatement with [sic] 15 days of the Award, but without any backpay or benefits.

**ANSWER:**    Komatsu admits that on July 13, 2007 the arbitrator issued his Decision and Award regarding the matter of Plaintiff Grunauer's discharge, which included language that Komatsu was to offer Plaintiff Grunauer reinstatement within 15 days of the Award, but without back pay or benefits.  Komatsu denies the remaining allegations in Paragraph 9.

10.    On July 30, 2008, Komatsu transmitted to Local 701 a letter dated July 28, 2007, offering Grunauer reinstatement under certain conditions as outlined in the letter.

**ANSWER:**    Komatsu admits that by a letter dated July 28, 2007, addressed to Plaintiff Grunauer with a copy to a representative for Cross-Plaintiff, it offered Plaintiff Grunauer reinstatement subject to certain conditions.    Komatsu denies the remaining allegations in Paragraph 10.

11.    Thereafter, Local 701 advised the Arbitrator that it believed Komatsu was not in compliance with his Award.

**ANSWER:**    Komatsu admits that on or about August 31, 2007, a representative for Cross-Plaintiff corresponded with the arbitrator regarding Komatsu's offer of reinstatement to Plaintiff Grunauer.  Komatsu denies the remaining allegations in Paragraph 11.

12.    On September 22, 2007, the Arbitrator issued a "Clarification of Award" stating that "[h]aving failed to provide a valid offer of reinstatement within the time period required by the Award, the Company is responsible for any loss of earnings and benefits incurred by the Grievant from that date forward until a valid offer of reemployment is provided and accepted in writing within a reasonable period of time." (emphasis in original)

**ANSWER:**    Komatsu admits that Cross-Plaintiff has accurately quoted the identified sentence contained within the arbitrator's September 22, 2007 correspondence.

13.    As stated in Article 10, the findings by the Arbitrator are final and binding.

**ANSWER:**    Komatsu admits that Article 10, Section 3(d) of the Agreement states that "The decision of the arbitrator shall be made within the scope of his/her jurisdictional authority and shall be final and binding upon the parties."

12. [sic]    To date, Komatsu has failed and refused to comply with the Arbitrator's Award and Clarification of Award.

**ANSWER:**    Komatsu denies the allegations in Paragraph 14, incorrectly numbered paragraph 12.

## RESPONSE TO RELIEF REQUESTED

WHEREFORE, having fully answered Cross-Plaintiff's Cross-Claim, Komatsu prays that the Cross-Claim be dismissed at Cross-Plaintiff's cost and that Komatsu be granted an award of reasonable attorneys' fees and costs together with such other and further relief as this Court shall deem just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

On information and belief, Cross-Plaintiff's claim is barred in whole or in part by estoppel, laches and/or waiver on the basis that at all relevant times Cross-Plaintiff had full authority to negotiate a resolution on behalf of Plaintiff Grunauer, that it engaged in such negotiations and made certain representations to Komatsu, and that the parties ultimately resolved the matter.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, Cross-Plaintiff's claim is barred by accord and satisfaction on the basis that Plaintiff Grunauer has settled his claims against defendants pursuant to the collective bargaining agreement to the exclusion of his right to bring this action.

## THIRD AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Cross-Plaintiff's claim is barred by the applicable statute of limitations on the basis that Cross-Plaintiff has failed to timely file the instant claim.

## FOURTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Cross-Plaintiff's claim is barred as Plaintiff Grunauer sustained no damages because he promptly secured comparable employment or, alternatively, Cross-Plaintiff's claim is barred in whole or in part to the extent Plaintiff Grunauer failed to mitigate any damages by abandoning such comparable employment.

WHEREFORE, Cross-Defendant Komatsu Forklift U.S.A. prays that Cross-Plaintiff's Cross-Claim be dismissed in its entirety at Cross-Plaintiff's cost, and that Komatsu be granted an award of reasonable attorneys' fees and costs together with such other and further relief that this Court shall deem just and equitable under the circumstances.

Dated: August 11, 2008                    KOMATSU FORKLIFT U.S.A.


                                          By: */s/ John F. Kuenstler*

John F. Kuenstler, #6216396
Barnes & Thornburg, LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois  60606
(312) 357-1313
(312) 759-5646 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2008, I electronically filed the foregoing Answer to Cross-Claim with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael T. Smith
> 440 West Irving Park Road
> Roselle, IL  60172
>
> Sherrie E. Voyles
> Jacobs, Burns, Orlove, Stanton & Hernandez
> 122 South Michigan Avenue
> Suite 1720
> Chicago, IL  60603

*/s/ John F. Kuenstler*

479788v1